IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01950-BNB

CHRISTOPHER CARR,

    Applicant,

v.

MIKE MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER OF DISMISSAL

___

    Applicant, Christopher Carr, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Carr has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Denver District Court case number 02CR213.  Mr. Carr also has filed a separate habeas corpus action challenging the validity of a state court conviction and sentence in a related state court case, Denver District Court case number 97CR4237.  *See Carr v. Miller*, No. 13-cv-01951-BNB (D. Colo. filed July 22, 2013).

    On July 23, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On July 30, 2013, Respondents filed their Pre-Answer Response (ECF No.

6) and on August 1, 2013, Respondents filed an Amended Pre-Answer Response (ECF No. 7).  On September 25, 2013, Mr. Carr filed a Response (ECF No. 12) to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Carr liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

The following procedural background is relevant to the convictions Mr. Carr is challenging in both of his habeas corpus cases:

> In April 1998, Carr pled guilty to one count of forgery, a class four felony, in case number 97CR4237 in exchange for the prosecution's dismissal of five other counts and waiver of the two prior felony rule.  His sentencing was continued.  However, Carr failed to appear at the sentencing hearing because he was in custody in New Mexico on unrelated charges.
>
> In October 2001, Carr appeared with counsel in Colorado to schedule a sentencing hearing in case number 97CR4237 and in an earlier case (92CR827).  The district court deferred sentencing pending the resolution of four new cases filed against Carr while he was in New Mexico.
>
> On February 22, 2002, Carr and the prosecution entered into a plea agreement approved by the court that would resolve all of his pending cases and allow the court to impose sentence in 97CR4237.  Under the agreement, he pled guilty to one count of felony theft in 02CR213 in exchange for the dismissal of the remaining counts in that case and the dismissal of the other three cases.  The court sentenced him to six years in community corrections for the forgery in 97CR4237 and a concurrent sentence of twelve years in community corrections for the theft in 02CR213.

> Carr failed to comply with the conditions of community corrections, and in September 2003, the court sentenced him to the Department of Corrections.
>
> In November 2003, March 2004, June 2006, and June 2009 Carr filed *pro se* motions for post-conviction relief under Crim. P. 35(c). The court denied the motions without a hearing on February 8, 2010. In April 2010, Carr also filed a motion for default judgment which was denied.

*People v. Carr*, No. 10CA1287, slip op. at 1-2 (Colo. App. Sept. 22, 2011) (unpublished) (ECF No. 7-4 at 3-4). On appeal, the Colorado Court of Appeals affirmed the denial of the postconviction Rule 35(c) motions. (*See* ECF No. 7-4.) On April 30, 2012, the Colorado Supreme Court denied Mr. Carr's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 7-2.)

Mr. Carr filed the instant habeas corpus application on July 22, 2013, and he raises three claims for relief. He alleges in his first claim that counsel was ineffective because counsel failed to properly investigate his case and raise possible defenses, failed to consult with Mr. Carr and discuss the case with him, coerced Mr. Carr to plead guilty, and provided faulty legal advice. Mr. Carr alleges in his second claim that his rights under the Interstate Agreement on Detainers Act were violated. Mr. Carr alleges in his third claim that his rights were violated because the trial court failed to rule on his Rule 35(c) motions in a timely manner.

Respondents' argument that Mr. Carr's claim challenging the delay in ruling on his Rule 35(c) motions, claim three in the application, may not be raised in this habeas corpus action because it does not raise a federal constitutional issue is correct. There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). As a result, a claim of constitutional

error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Carr's third claim relates solely to the state court postconviction proceedings and does not implicate the validity of the state court conviction under attack in this action. Therefore, claim three will be dismissed for failure to present a cognizable federal constitutional issue.

Respondents next argue that the entire action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Carr's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. Carr's conviction became final, and the one-year limitation period began to run, when the time expired to file a direct appeal following his sentencing on February 22, 2002.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Carr was sentenced on February 22, 2002, he had forty-five days to file a notice of appeal following the sentencing.  Because Mr. Carr did not file a notice of appeal, the judgment of conviction became final on April 8, 2002, when the time to file a direct appeal expired.  Mr. Carr does not argue that his conviction became final on some other date.  The fact that Mr. Carr was resentenced to prison on September 16, 2003, does not alter the Court's conclusion that the judgment of conviction was final on April 8, 2002, because he is not asserting any claims relevant to the resentencing.

The Court also finds that the one-year limitation period began to run on April 8, 2002, because Mr. Carr does not contend that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims before his conviction became final.  See 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Carr did not initiate this action within one year after April 8, 2002.  Therefore, the Court must consider whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The record before the Court demonstrates that Mr. Carr did not file his first postconviction Rule 35(c) motion in the trial court until November 17, 2003 (*see* ECF No. 7-1 at 4), which was after the one-year limitation period had expired on April 8, 2003.  Therefore, none of the Rule 35(c) motions tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  As a result, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The Court reaches the same conclusion even if the one-year limitation period did not begin to run until Mr. Carr was resentenced to prison on September 16, 2003.  In this scenario, the one-year limitation period began to run on October 31, 2003, when the time expired to file a direct appeal following the resentencing because Mr. Carr again did not file a direct appeal, and it was tolled from November 17, 2003, through April 30, 2012, while the state court postconviction proceedings were pending.  However, because Mr. Carr did not file the instant action until July 22, 2013, which was more than one year after the state court postconviction proceedings concluded in April 2012, the action still is untimely in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Carr fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Mr. Carr does assert that he previously filed a timely habeas corpus action in the District of Colorado in 2004 that was dismissed for failure to exhaust state remedies. *See Carr v. United States*, No. 04-cv-00415-ZLW (D. Colo. June 21, 2004). However, the mere existence of a prior federal habeas corpus action, even if timely, provides no basis for equitable tolling of the one-year limitation period as it applies to the instant action. The prior action was pending for only three or four months in 2004; Mr. Carr fails to allege or demonstrate that he pursued his claims in this action diligently; and he fails to allege or demonstrate that some extraordinary circumstance prevented him from filing this action in a timely manner. Therefore, the Court finds no basis for equitable tolling in this action. Although not an equitable tolling argument, the Court notes that the existence of a prior federal habeas corpus action also would not toll the one-year limitation period pursuant to §

2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

In conclusion, Mr. Carr's third claim in the application will be dismissed because that claim does not raise a cognizable federal constitutional issue.  Mr. Carr's first and second claims in the application will be dismissed as barred by the one-year limitation period.  Because the Court finds that all of Mr. Carr's federal constitutional claims are untimely, the Court need not address Respondents' additional argument that some of the issues Mr. Carr raises also are unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of    October   , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court